UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI ABOUBAKER,

    Plaintiff,                          Case No. 11-13001

v.                                   HONORABLE DENISE PAGE HOOD

COUNTY OF WASHTENAW,

    Defendant.
_____/

**ORDER DENYING ORAL MOTION FOR
JUDGMENT AS A MATTER OF LAW**

This matter is before the Court on Defendant County of Washtenaw's Motion for Judgment as a Matter of Law brought at the end of Plaintiff's proofs. Plaintiff opposes the motion. Arguments were held on the matter.

Rule 50(a) of the Rules of Civil Procedure provides:

> (a)    Judgment as a Matter of Law.
> (1)    *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>     (A) resolve the issue against the party; and
>     (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
> (2)    *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted

>      to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a). If the court does not rule on the motion for judgment as a matter of law after the close of all the evidence the court is considered to have submitted the action to the jury. Fed.R.Civ.P. 50(b).

The standard of review of a motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a) is to view the evidence in the light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences. *Jackson v. Quanex Corp.*, 191 F.3d 647, 657 (6th Cir. 1999). A district court may not weigh the evidence or make credibility determinations because these are functions for the jury. *Id.* If the nonmovant presents sufficient evidence to raise a material issue of fact for the jury then dismissal is improper under Rule 50(a). *Id.* "[W]henever there is a complete absence of pleading or proof on an issue material to the cause of action or when no disputed issues of fact exist such that reasonable minds would not differ" only then is it appropriate to take the case away from the jury. *Id.*, *citing O'Neill v. Kiledjian*, 511 F.2d 511, 513 (6th Cir. 1975).

The remaining claim for trial is that Plaintiff Ali Aboubaker was discriminated against by Defendant Washtenaw County when he was not allowed to interview for the Drain Inspector position as alleged in Count VI (Discrimination on the Basis of

Religion, Elliot-Larsen Civil Rights Act); Count IX (Discrimination on the Basis of Race/National Origin, Title VII), and Count X (Discrimination on the Basis of Religion, Title VII).

Defendant argues that Plaintiff failed to show that the reason why Plaintiff was not interviewed was not based any race, religious, or national origin reasons since Plaintiff admitted the decision maker, Jeffrey Harms, testified these were not the reasons for not interviewing Plaintiff. However, Plaintiff asserts that it is Defendant's corporate bias at issue and that the facts show that Defendant's reasons for not interviewing Plaintiff is pretext.

Under the burden shifting approach developed for Title VII cases in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972), a plaintiff must establish a *prima facie* case and create a presumption of discrimination by showing by a preponderance of the evidence: (1) that he belongs to a protected class; (2) that he was subjected to an adverse employment action; (3) that he was qualified for the job; and (4) that he was treated differently from similarly situated employees from a non–protected class. *McDonnell Douglas*, 411 U.S. at 802; *Talley v. Bravo Pitino Restaurant*, 61 F.3d 1241, 1246 (6th Cir. 1995); and *Wilcoxon v. Minnesota Mining & Mfg. Co.*, 235 Mich. App. 347, 361 (1999).

Plaintiff has met a *prima facie* case viewing the evidence in light most

favorable to Plaintiff. There is sufficient evidence that Plaintiff belongs to a protected class, that he was subjected to an adverse action when he was not interviewed for the drain inspector position, that he was qualified for the job, in light of his education and experience, and that he was treated differently from similarly situated employees from the non-protected class.

If a plaintiff proves a *prima facie* case, the burden of persuasion shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employment decision. *McDonnell Douglas*, 411 U.S. at 802. Once the employer carries this burden, the burden then shifts back to plaintiff to prove by a preponderance of the evidence that the legitimate reasons offered by the employer were not its true reasons, but were a pretext for discrimination. *Id.*; *Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 548 (6th Cir. 1991). To make a submissible case on the credibility of an employer's explanation, the plaintiff is required to show by a preponderance of the evidence *either* 1) the proffered reasons had no basis in fact; 2) that the proffered reasons did not actually motivate the adverse employment action; or, 3) that the proffered reasons were insufficient to motivate the adverse action. *Briggs v. Potter,* 463 F.3d 507, 515 (6th Cir. 2006).

In its oral motion, Defendant does not specifically argue its reasons why Defendant did not interview Plaintiff. Defendant argues that race, religion and

4

national origin were ***not*** the reasons why Plaintiff was not interviewed. Based on this argument, it is inferred that Defendant's proffered reason for not interviewing Plaintiff is that he was not qualified. As noted above, there is sufficient evidence for the jury to determine whether Plaintiff was qualified based on his education and experience. There is a question of fact for the jury that Defendant's reason had no basis in fact or that the proffered reasons did not actually motivate the failure to interview Plaintiff. Plaintiff's Exhibit 4, is an applicant list generated by Human Resources where it indicates Plaintiff did not meet the requirements and therefore was not interviewed. Plaintiff submitted evidence that he was qualified and the only Union member on the list. Testimony creates a question of fact for the jury as to whether Plaintiff should have been interviewed or otherwise given preference.

Although Defendant argues specific intent, the burden shifting *McDonnell Douglas* analysis does not so require, other than showing an employer's motivation, which a plaintiff may rebut by evidence of pretext. There is evidence that Harms knew of Plaintiff and, although he may not have consulted the evaluations in Aboubaker's file as he testified, Plaintiff has shown pretext in light of Exhibit 4. Again, Exhibit 4 noted Aboubaker did not meet minimum requirements, yet Harms interviewed another candidate also listed as not meeting minimum requirements. As Washtenaw County's policy and the Union agreement indicate that Aboubaker was

to have been given consideration and preference, a question of fact arises as to why Harms failed to interview Aboubaker, but interviewed another candidate without minimum requirements. Viewing the light most favorable to Plaintiff, he has presented sufficient evidence to create a question of fact for the trier of fact to show that Washtenaw County's proffered reason for not interviewing Plaintiff was pretext.

Accordingly,

IT IS ORDERED that Defendant's oral Motion for Judgment as a Matter of Law under Rule 50(a) of the Rules of Civil Procedure is DENIED.

                                      S/Denise Page Hood
                                      Denise Page Hood
                                      United States District Judge

Dated: February 26, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 26, 2014, by electronic and/or ordinary mail.

                                      S/LaShawn R. Saulsberry
                                      Case Manager