# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ALI ABOUBAKER,

      Plaintiff,                    Case No. 11-13001

v.                              HONORABLE DENISE PAGE HOOD

COUNTY OF WASHTENAW, DAVID
SHIRLEY and RICHARD FERRELL,

      Defendants.

_____/

## ORDER REGARDING MOTIONS IN LIMINE, DISMISSING DEFENDANTS DAVID SHIRLEY AND RICHARD FERRELL AND DISMISSING COUNTS I, III AND V

## I.    BACKGROUND

This matter is before the Court on Defendants' Motion in Limine and Plaintiff's Motion in Limine. Briefs have been filed and oral arguments were held.

On July 13, 2011, Plaintiff Ali Aboubaker ("Aboubaker") filed the instant suit against Defendants County of Washtenaw ("Washtenaw County"), David Shirley ("Shirley") and Richard Ferrell ("Ferrell"). An Amended Complaint was filed on January 3, 2012 alleging twelve counts: Discrimination on the Basis of Race/National Origin, 42 U.S.C. § 1981 (Count I); Retaliation, 42 U.S.C. § 1981 (Count II); Violation of Equal Protection Clause, 42 U.S.C. § 1983 (Count III); First Amendment

Retaliation, 42 U.S.C. § 1983 (Count IV); Discrimination on the Basis of Race/National Origin, Elliot-Larsen Civil Rights Act (Count V); Discrimination on the Basis of Religion, Elliot-Larsen Civil Rights Act (Count VI); Retaliation, Elliot-Larsen Civil Rights Act (Count VII); Hostile Work Environment, Elliot-Larsen Civil Rights Act (Count VIII); Discrimination on the Basis of Race/National Origin, Title VII, County of Washtenaw Only (Count IX); Discrimination on the Basis of Religion, Title VII, County of Washtenaw Only (Count X); Retaliation, Title VII, County of Washtenaw Only (Count XI); and, Hostile Work Environment, Title VII, County of Washtenaw Only (Count XII).

Pursuant to the Court's September 20, 2013 Opinion and Order, the following counts were dismissed with prejudice:  Retaliation, 42 U.S.C. § 1981 (Count II); Violation of Equal Protection Clause, 42 U.S.C. § 1983 (Count III) as to Defendant Washtenaw County only; First Amendment Retaliation, 42 U.S.C. § 1983 (Count IV); Retaliation, Elliot-Larsen Civil Rights Act (Count VII); Hostile Work Environment, Elliot-Larsen Civil Rights Act (Count VIII); Retaliation, Title VII (Count XI); and, Hostile Work Environment, Title VII (Count XII).  At trial, the parties agreed to dismiss the individual Defendants Shirley and Ferrell, which results in the dismissal of Count III since Washtenaw County was dismissed pursuant to the Court's September 20, 2013 Opinion and Order.  Aboubaker also dismissed his claims under

2

Counts I and V at trial.

The remaining claim for trial is that Aboubaker was discriminated against by the remaining Defendant Washtenaw County when he was not allowed to interview for the Drain Inspector position as alleged in Count VI (Discrimination on the Basis of Religion, Elliot-Larsen Civil Rights Act); Count IX (Discrimination on the Basis of Race/National Origin, Title VII), and Count X (Discrimination on the Basis of Religion, Title VII).

## II.    ANALYSIS

### A.    Defendants' Motion in Limine to Exclude Evidence and Arguments Relating to Dismissed Claims and Inadmissible Hearsay Evidence (#55)

#### 1.    Standard

Defendants seek to exclude Aboubaker's proposed evidence related to the dismissed claims because the evidence is not relevant under Rules 401 and 402 of the Rules of Evidence and are more prejudicial than probative under Rule 403. Defendants also argue the evidence is inadmissible hearsay under Rules 801 and 802.

Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 402 states that "all relevant evidence is admissible, except as otherwise provided ..." and

that "evidence which is not relevant is not admissible." Rule 403 states that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Trial courts have broad discretion in determining whether to admit evidence based on considerations of relevance, materiality and prejudice. *United States v. Jackson-Randolph,* 282 F.3d 369, 376 (2002). Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b). Courts have recognized the use of other crimes or other bad acts permissible as evidence at trial. *United States v. Blankenship,* 775 F.2d 735, 739 (6th Cir. 1984). A three-step inquiry as to admissibility of 404(b) evidence is used: 1) whether sufficient evidence exists that the prior act occurred; 2) whether the "other act" is admissible for a proper purpose under Rule 404(b); and, 3) determine whether the "other acts" evidence is more prejudicial than probative under Rule 403. *United*

4

*States v. Poulsen,* 655 F.3d 492, 508 (6th Cir. 2011).

Admissibility of hearsay evidence is set forth in Rule 801(c) which generally provides that out of court statements made by a declarant offered to prove the truth of the matters asserted are hearsay. Statements which are not hearsay are set forth in Rule 801(d)(1) and (2). Rule 801(d)(2) states that statements offered against an opposing party are not hearsay if the statements were made by the party in an individual or representative capacity, made by a person whom the party authorized to make a statement on the subject, or made by the party's agent or employee on a matter within the scope of that relationship while it existed. Fed. R. Evid. 801(d)(2). Many exceptions to the hearsay rule are set forth in Rules 803 and 804.

### 2.   Relevance/Probative Value

Defendants seek to exclude the following evidence because they claim the evidence is not relevant to the remaining claim as to Defendants' failure to interview Aboubaker for the Drain Inspector position.

> a)   **Evidence related to Plaintiff's alleged "demotion" from Maintenance Tech II to Maintenance Tech I and from Maintenance Tech I to Warehouse Clerk** (Plaintiff's Proposed Exhibits #14 "Skills Trade Assistance Job Description;" #16 Maintenance Tech I I Job Description; #17 Practical Test Scores; #18 Testing Accommodation Request; #19 November Test Results; #21 2005 Final Assessment; #22 Farrell Email; #23 Tech III Applicant Lists; #26 How 2/23/06 Email; #28 Warehouse Clerk Job

Description; #39 "Feb, 19 2006 demotion;" #43 Email April 24, 2008 between Shirley and Brown (same as #49 Shirley Email - April 24, 2008); #44 Email Feb 23, 2006 between How and Wicks; #45 Email Nov. 7, 2005 between Shirley and Westveer; #46 Test Result Comments **[Plaintiff agrees to exclude #46]**; #47 October 4, 2007 offer for Skilled Trade; #53 Training Sessions Schedule).

In its September 20, 2013 Opinion and Order, the Court noted that "if relevant and admissible," Aboubaker may present evidence regarding the reclassification from Maintenance Tech II to Maintenance Tech I for background purposes. (9/20/13 Ord., Doc. No. 52, p. 15) However, as noted by the Court in its Opinion and Order, Aboubaker admits he has no claim regarding the reclassification.  If Aboubaker's argument as to the reclassification is that Defendants reclassified Aboubaker because of discrimination, Aboubaker should not be able to present the reclassification for this purpose.  On the other hand, if Defendants are going to argue that Aboubaker was not qualified to interview for the Drain Inspector position because Aboubaker was not classified as a Maintenance Tech II position, then evidence regarding the reason why Aboubaker was reclassified from a Maintenance Tech II to Maintenance Tech I is relevant and should be admissible.  The jury may then infer from the facts the reason why Aboubaker was not interviewed for the Drain Inspector.

Defendants' Motion in Limine to exclude evidence and arguments relating to dismissed claims is denied consistent with the Court's opinion.  Exhibits 14, 16, 17,

6

18, 19, 21, 22, 23, 26, 28, 49, 43, 44, 45, 47, and 53 may be admitted.  Aboubaker

agrees to exclude Exhibit 46.

> b)    **Evidence related to Plaintiff's alleged unfair treatment while employed as a Maintenance Technician** (Plaintiff's Proposed Exhibits #24 How Performance Evaluation; #25 Farrell Performance Evaluation; #27 Plaintiffs Grievances; #32 Open Task Experience; #37 Amy Howes/customer feedback; #38 Farrell Email; #48 Email from Plaintiff, March 21, 2007).

Defendants argue that the treatment Aboubaker received as a Maintenance

Technician is not relevant to the reason why he was not interviewed for the Drain

Inspector position.  Defendants assert that the decision makers regarding the Drain

Inspector position were not the same decision makers or supervisors of Aboubaker as

a Maintenance Technician.  Defendants Farrell and Shirley, employed in the County's

Facilities Management Department, and supervisors of Aboubaker as a Maintenance

Technician, had no involvement in the County's decisions regarding the Drain

Inspector position.  Those involved in interviewing and hiring for the Drain Inspector

position, Rebecca Curry and Jeffrey Harms, were not involved in how Aboubaker was

treated as a Maintenance Technician.  Defendants argue that Curry and Harms were

employed in the County's Field Services Department, which is a separate and distinct

department from the Facilities Management Department.

If there is evidence that Curry and Harms of the Field Services Department

7

sought information from Defendants Farrell and Shirley as to Aboubaker, or reviewed any of the performance evaluations and other related documents as to Aboubaker while at the Facilities Management Department when they made their decision as to who to interview for the Drain Inspector position, then Aboubaker's treatment by Defendants Farrell and Shirley may be relevant. It is noted that Harms testified at his deposition testimony that he did not discuss the candidates with Shirley or Farrell. (Harms Dep. at 10) Defendants do not indicate in their motion whether Curry discussed Aboubaker with Shirley or Farrell or if Aboubaker's performance evaluations were reviewed.

Defendants' Motion in Limine to Exclude Evidence relating to dismissed claims is denied without prejudice consistent with this opinion above. The evidence is excluded, unless it can be shown that Harms or Curry discussed Aboubaker with Farrell and Shirley or that Aboubaker's performance was relevant in the decision not to interview Aboubaker for the Drain Inspector position.

      c) **Evidence related to Defendants' alleged denial of Plaintiff's requests for religious accommodation** (Plaintiff's Proposed Exhibits #6 religious accommodation correspondences; #40 Jan 7, 2008 Change of Work Schedule; #50 September 13, 2006 Memo; #51 Rowe Email - September 28, 2006)

For the reasons stated in subsection b) above, Defendants' Motion in Limine to exclude events while at the Facilities Management Department is denied without

prejudice.

      d)    **Evidence of Plaintiff's seniority** (Plaintiff's Proposed Exhibit #8 Seniority List)

If the Drain Inspector position required seniority, then this list is relevant. The decision maker Harms testified that a Union employee possessing relevant experience would have the first preference for the position. (Harms Dep., p. 32) If the Seniority List is applicable to the Union membership/stature then the list is relevant.

Defendants' Motion in Limine to exclude evidence relating to dismissed claims is denied consistent with the opinion above.

      e)    **Evidence related to Plaintiff's 1995 application for Drain Inspector** (Plaintiff's Proposed Exhibits #30 and #41 Feb 22, 1995 Letter; #42 June 20, 1996 letter).

The 1995 application for Drain Inspector does not appear to be relevant as to the application for the Drain Inspector position Aboubaker applied for in April 2008. There is no indication that the same decision makers in 1995 are the same decision makers in 2008. Defendants' Motion in Limine to exclude evidence as to the 1995 application is granted.

      f)    **Evidence of stray remarks made by or actions taken by non-decision makers who did not influence the decision at issue** (Plaintiff's Proposed Exhibit #52 How October 19, 2005 Email)

There is no showing that this email and the underlying comments are related to

Aboubaker's Drain Inspector application and there is no indication that the decision makers reviewed this email.  This exhibit does not  appear to be relevant.  Plaintiff agrees to exclude this evidence.  Defendants' Motion in Limine to exclude this evidence is moot.

### 3.    Hearsay

In addition to the relevancy of the evidence, Defendants argue that the following proposed exhibits are hearsay and inadmissible.  Defendants do not specifically address each exhibit, but only makes a blanket statement that these exhibits are hearsay.

> • Plaintiff's Proposed Exhibit #37, "Amy Howes/customer feedback."
> • Plaintiff 's Proposed Exhibit #38, "Farrell Email, March 22, 2007."
> • Plaintiff's Proposed Exhibit #40, "Jan 7, 2008 Change of Work Schedule."
> • Plaintiff's Proposed Exhibit #41, "Feb 22, 1995 - Letter."
> • Plaintiff's Proposed Exhibit #42, "June 20, 1996 letter."
> • Plaintiff's Proposed Exhibit #43, "Email April 24, 2008 between Shirley and Brown."
> • Plaintiff's Proposed Exhibit #44, "Email Feb 23, 2006 between How and Wicks."
> • Plaintiff's Proposed Exhibit #45, "Email Nov 7, 2005 - between Shirley and Westveer."
> • Plaintiff's Proposed Exhibit #46, "Test Result Comments" (Plaintiff agrees to exclude this exhibit)
> • Plaintiff's Proposed Exhibit #47, "October 4, 2007 offer for Skilled Trade."
> • Plaintiff's Proposed Exhibit #48, "Email from Plaintiff, March 21, 2007" (Plaintiff agrees to use this evidence if

relevant on rebuttal)
• Plaintiff's Proposed Exhibit #49, "Shirley Email - April 24, 2008."
• Plaintiff's Proposed Exhibit #51, Rowe Email - September 28, 2006" (Plaintiff agrees to use this evidence if relevant on rebuttal)
• Plaintiff's Proposed Exhibit #52, "How October 19, 2005 Email" (Plaintiff agrees to exclude this evidence)

A review of all of these exhibits shows that these documents were written in the course of Aboubaker's employment at Washtenaw County and appears to be written by employees of Washtenaw County in some capacity. Other than exhibits 46, 52 and initially 48 and 51, which Aboubaker agrees to exclude or use only for rebuttal if relevant, the other documents maybe considered party-admissions or statements made by representatives of Washtenaw County under Rule 801(d)(2) and are therefore admissible.

Other than exhibits 46, 52 (48 and 51 initially), Defendants' Motion in Limine to exclude the above noted exhibits is denied as the exhibits are not hearsay and will be admitted if relevant. Defendants' Motion in Limine to exclude exhibits 46 and 52 is moot and is denied without prejudice as to exhibits 48 and 52.

**B.    Plaintiff's Motion in Limine to Exclude Documents Defendants Failed to Produce During Discovery**

Aboubaker seeks to exclude documents produced by Defendants on November 19, 2013 as to information regarding applicants to the Drain Inspector position–the

11

remaining claim set for trial.  Aboubaker asserts that Defendants failed to timely produce this information during discovery which ended on September 28, 2012.  The discovery produced by Defendants included a Drain Inspector Applicant List, which noted whether the applicants were union employees, met the requirements, were granted interview and who was selected for the job.  (Motion, Ex. D) Defendants also provided information regarding Larry Dancer, the person who was selected for the position.  (Motion, Ex. E)  Aboubaker claims that based on the information produced during discovery, a strategy was formulated and the decision maker Harms and director of Human Resources, Diane Heidt, were deposed.  Aboubaker asserts that the November 19, 2013 production of documents by Defendants included the applicants' applications and resumes.  Aboubaker claims he has not had the opportunity to further conduct additional discovery on the new information, including testing whether these applicants were qualified for the position.

Defendants respond that subsequent to the Court's September 20, 2013 Opinion and Order regarding Defendants' summary judgment motion, they discovered the application materials for the Drain Inspector position which may have been saved on the County's computer archives.  Defendants claim that these documents were not discovered until defense counsel met with representatives of the County to research its computer archives.  Upon discovery, Defendants supplemented their discovery

responses and provided Aboubaker with the entirety of the application materials. Defendants claim that Aboubaker is not prejudiced since he had the names of the individual applicants and chose not to conduct further discovery on those applicants. Defendants assert the applicant list given to Aboubaker included contact information and the determinations made with respect to each applicant.  Defendants claim Aboubaker had this information almost a year before discovery was closed in September 2012.  Defendants argue that Aboubaker's focus was on his claims when he was a Maintenance Technician; there were only two paragraphs in the Amended Complaint focused on the Drain Inspector position.  Defendants note that when the decision maker Harms was deposed, there were no questions posed regarding the other applicants on the list, other than Dancer who was selected for the position and Shannon Moody, the comparable.  Defendants argue that the Harms deposition only lasted one hours, which indicates that Aboubaker's focus was not on the Drain Inspector position claim.

Rule 37(a) of the Rules of Civil Procedures allows a party to make a motion to compel the opposing party to respond to discovery requests.  Fed. R. Civ. P. 37(a). If the *motion to compel is granted*, the court may impose sanctions, including attorney fees and costs.  Fed. R. Civ. P. 37(a)(4).  If a party *fails to comply with a Court's order*, then the moving party may file a motion under Rule 37(b)(2) for more severe

sanctions such as striking out pleadings, prohibiting a party from introducing matters into evidence or entering a default judgment or dismissal against the party failing to obey any orders. Fed. R. Civ. P. 37(b)(2)(C). Dismissal is the sanction of last resort but a district court does not abuse its discretion in dismissing a case even though other sanctions might be workable, if dismissal is supported on the facts. *Beil v. Lakewood Eng'r and Mfg. Co.,* 15 F.3d 546, 552 (6th Cir. 1994); *Bell & Beckwith v. United States,* 766 F.2d 910, 912 (6th Cir. 1985).

Rule 37(c) governs failure to disclose information under Rule 26 which states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). Rule 26(e), which directs parties to supplement previous disclosures and discovery, "was intended to ensure prompt disclosure of new information, not to allow parties to spring late surprises on their opponents under the guise of a 'supplement' to earlier disclosures." *Barlow v. Gen. Motors Corp.,* 595 F.Supp. 2d 929, 935-36 (S.D. Ind. 2009). Harmlessness is the standard under Rule 37, not prejudice. *Sommer v. Davis,* 317 F.3d 686, 692 (6th Cir. 2003). The burden is on the party disclosing materials late to show that the tardy disclosure is harmless. *Johnson v. Galen of Virginia, Inc.,* 325 F.3d 776, 782 (6th Cir. 2003). To establish

14

harmlessness, the opposing party must show that the failure to produce the documents involved an honest mistake and that the other party had knowledge of the documents. *Sommer,* 317 F.3d at 692.

The Court's review of the docket shows that no motions to compel discovery were filed by either party. Accordingly, there is no court order compelling discovery of the documents Defendants have now produced more than a year after discovery was closed and after the Court issued its September 2013 Opinion and Order. Aboubaker is not entitled to the more severe sanction under Rule 37(b)(2) prohibiting a party for introducing matters into evidence since Defendants did not fail to comply any court order. Defense counsel should have instructed Washtenaw County to review its computer system for archived documents at an earlier date before the close of discovery. Any party could use tardy review of archived documents to thwart discovery of relevant material. Defendants have not violated any court order which may have resulted in the more severe sanctions of excluding the evidence at trial. Additionally, Aboubaker did have the names of the applicants for the Drain Inspector position well in advance of the discovery deadline so that further discovery as to those applicants could have been done by the end of discovery.

As to the first prong under Rule 37(c), "honest mistake," it may be that Washtenaw County was not instructed to search its archives for relevant documents

15

by its counsel.   Regarding the second prong under Rule 37(c), Aboubaker's knowledge, the names of the applicants for the Drain Inspector position were disclosed to Aboubaker well in advance of the discovery deadline.  Aboubaker could have taken discovery as to those applicants by the end of the discovery period.

It may well be that Aboubaker was not focused on the Drain Inspector position claim during discovery until the Court issued its September 2013 Opinion and Order which narrowed Aboubaker's claim to the Drain Inspector position issue.  Relevancy of the proposed exhibits can be raised at trial as well as questions as to specific applicants (other than Dancer and Moody).  Aboubaker's Motion in Limine is denied.

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion in Limine (Doc. No. 55) is GRANTED IN PART and DENIED IN PART as more specifically addressed above.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine (Doc. No. 56) is DENIED.

IT IS FURTHER ORDERED that Defendants David Shirley and Richard Ferrell are DISMISSED from this action.  Washtenaw County is the sole remaining Defendant.

IT IS FURTHER ORDERED that the remaining claim for trial is that Plaintiff

Ali Aboubaker was discriminated against by Defendant Washtenaw County when he was not allowed to interview for the Drain Inspector position as alleged in Count VI (Discrimination on the Basis of Religion, Elliot-Larsen Civil Rights Act); Count IX (Discrimination on the Basis of Race/National Origin, Title VII), and Count X (Discrimination on the Basis of Religion, Title VII).


                                              S/Denise Page Hood
                                              Denise Page Hood
                                              United States District Judge

Dated:  February 27, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 27, 2014, by electronic and/or ordinary mail.

                                              S/LaShawn R. Saulsberry
                                              Case Manager