UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI ABOUBAKER,

                Plaintiff,                Civil Action No. 11-13001
                                                 Honorable Denise Page Hood
v.                                                      Magistrate Judge David R. Grand

COUNTY OF WASHTENAW,

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES,
COSTS, AND PREJUDGMENT AND POST-JUDGMENT INTEREST [76]**

**I.    RECOMMENDATION**

Before the Court is plaintiff Ali Aboubaker's ("plaintiff") motion for attorney fees, costs, and prejudgment and post-judgment interest. [76]. Defendant Washtenaw County ("defendant") filed a response [84]. The motion has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the Court RECOMMENDS that plaintiff's motion [76] be GRANTED IN PART and DENIED IN PART.[1]

**II.    REPORT**

    **A.    Background**

Plaintiff commenced this action against defendant and several of its employees alleging various constitutional and statutory violations related to the termination of his employment. Ultimately, plaintiff's discrimination claims against defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq*. were tried before a jury. The jury found in favor of

---

[1] The docket indicates that defendant's motions for judgment as matter of law [85] and a new trial [86] remain pending. This Report and Recommendation does not take into consideration any of the parties' arguments with respect to those motions.

plaintiff, and awarded damages to him in the amount of $1,185,520.10. [71]. After the verdict, plaintiff filed a bill of costs in the amount of $3,145.92. [75]. The Court Clerk's office taxed costs in the amount of $2,069.70, leaving an outstanding amount of $1,076.22. [80].

Plaintiff now requests $108,510.25 in attorney fees and the remainder of his costs, $1,076.22. He also seeks prejudgment interest from July 17, 2008, and post-judgment interest until the judgment is satisfied. The Court addresses these requests in turn.

**A. Attorney Fees**

Plaintiff requests $15,533 in attorney fees for services rendered by his initial counsel. The parties do not dispute the hourly rate that counsel used to calculate this fee[2], but rather the number of hours worked on the case. Defendant specifically challenges the amount of time counsel expended in drafting the complaint ($7,200 according to defendant, but $6,875 by the Court's calculation[3]) as well as the purportedly "duplicative" work that an intern performed reviewing discovery ($600).

In evaluating the appropriateness of attorney fees, the Court "is not required to set forth an hour-by-hour analysis of the fee request." *Taylor v. Mich. Dep't of Human Servs.*, No. 09-14639, 2013 U.S. Dist. LEXIS 140364, at *6 (E.D. Mich. Sep. 30, 2013) (quoting *Jacobs v. Mancuso*, 825 F.2d 559, 562 (1st Cir.1987)). On the contrary, "the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of trimming the fat from a fee application." *Id.* at

---

[2] The Court has reviewed the hourly rates charged by plaintiff's counsel, compared them against the information provided in their respective affidavits regarding their educational and professional backgrounds and against the information provided regarding average rates for similarly situated attorneys. In short, the Court finds the rates charged by plaintiff's counsel to be very reasonable.

[3] The Court includes the timekeeper entries up through the date the complaint was filed – July 13, 2011. [1].

*7 (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.1992)).

Regarding the $6,875 sought by plaintiff in connection with drafting the complaint, defendants' "argument" is simply to characterize that amount as "incredibly" high. The Court disagrees. While the records of plaintiff's initial counsel show some degree of overlap, in that three separate attorney timekeepers are seeking reimbursement for drafting the 13-page complaint, it is a well-written and concise document which neatly lays out the factual and legal bases for plaintiff's claims. Accordingly, exercising the discretion described above, the amount sought for drafting the complaint should be reduced by 15%, or $1,031.25. The Court also notes that reimbursement is sought for time spent responding to a "reporter" and to "media requests" in connection with the complaint's filing, and no law was provided as to why such time would be compensable. [76, Ex. D at 2]. As the Court is unable to discern how much of the $570 in related charges pertain to those specific activities, the entire $570 should be disallowed.[4] The Court also finds, based on a review of the billing records, that the six hours of discovery work performed by the intern, for which $600 is sought, is not entirely duplicative of the efforts of a senior paralegal, and should be reduced by 50 percent ($300).

Regarding defendant's claim that counsel improperly charged for multiple timekeepers to attend the same client meetings on July 11, 2011 and October 17, 2011, the Court will not further discount the time allotted for those conferences as the Court has already reduced the July 11th time by 15%, and these conferences appear to be related to trial strategy discussions and were relatively short in duration. *See Gautreaux v. Chicago Hous. Auth.*, 491 F.3d 649, 661 (7th Cir. 2007) (holding that the district court "did not abuse its discretion in concluding that the time

---

[4] The Court also notes that the larger of these entries, for $450, states that it was in part for "Finalizing filing." [76, Ex. D at 2]. However, this entry is for time spent on July 14, 2011, and the complaint was filed a day earlier, on the 13th.

3

spent on intra-team communications was compensable" after counsel trimmed "the billed hours within a reasonable range"); *see also C.W. v. Bd. of Educ. Of the City of Chicago*, *Dist. 299*, No. 11-2349, 2012 U.S. Dist. LEXIS 12128, at *25-26 (N.D. Ill. Feb. 1, 2012) (awarding fees where "the majority of these meetings appear to have involved coordinating activities and discussing strategy, and were by and large kept very brief").

In sum, the Court recommends granting plaintiff's requests for attorney fees in connection with work performed by his initial counsel in the amount of $13,631.75 ($15,533 - $1,031.25 - $570 - $300).

Plaintiff also requests $94,826.27 in attorney fees for services rendered by trial counsel.[5] In response, defendant argues that counsel should only recover fees for the work related to plaintiff's successful claims. The Court disagrees that this is necessarily the case, as the law on this issue demands that the Court consider additional factors. As the Sixth Circuit Court of Appeals stated in *Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996):

> a court should not reduce attorney fees based on a simple ratio of successful claims to claims raised. When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced. (Internal citations omitted).

As the Sixth Circuit has recently explained, it applies this principle with particular acuity in employment discrimination cases where the plaintiff prevails on less than all of her claims:

> We previously have concluded that harassment, discrimination, and

---

[5] In a footnote to plaintiff's brief, counsel noted that "plaintiff's current attorneys' fees do not include the time spent on preparing this instant brief. These fees will be produced to the Court at the time of hearing on this matter." [76 at 6, n.5]. To date, however, counsel has not submitted a supplemental brief containing a detailed timekeeper log, even though it has been several months since the Court issued its notice of determination of the instant motion without oral argument. [95]. Accordingly, the Court recommends not awarding fees in connection with counsel's preparation of the underlying brief in this matter.

4

> hostile-work-environment claims are related for purposes of attorney fees, and have reversed as an abuse of discretion a district court's reduction of fees based on a plaintiff's success on only some of several interrelated Title VII claims. In *Jordan*, because there was a "significant legal overlap" between claims of racial discrimination, harassment, and retaliation, we held that under *Hensley* the plaintiff was entitled to "a full recovery for counsel's services, rather than a percentage reduction," even though he succeeded on only some of his claims. We explained the reason why a full recovery was warranted as follows:
>
>> [L]itigation is not an 'exact science': Lawyers cannot preordain which claims will carry the day and which will be treated less favorably. Good lawyering as well as ethical compliance often requires lawyers to plead in the alternative. Fee awards comport with that reality by giving full credit to a meaningfully successful plaintiff, rather than making a mechanical per-losing-claim deduction from an attorney's fee award.
>
> Accordingly, we have repeatedly upheld a district court's refusal to reduce an attorney fee award when a plaintiff prevails on only some of his or her related anti-discrimination causes of action, and our sister circuits have done the same.

*Waldo v. Consumers Energy Co.*, 726 F.3d 802, 823-24 (6th Cir. 2013) (internal citations omitted).

The claims in this case all centered upon the alleged discriminatory practices of defendant and its employees. Again, the fact that some of these claims were successful and others were not does not compel the Court to reduce the fees that plaintiff's counsel is entitled to recover. *See Deja Vu v. Metropolitan Government of Nashville and Davidson County*, 421 F.3d 417, 423 (6th Cir. 2005) (stating that the Sixth Circuit has "repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed."). Here, counsel obtained a significant money judgment on the claims presented at trial, which is the ultimate indication of success. The Court sees no reason to deprive counsel of a "fully compensatory fee." *Id.* at 424.

Accordingly, the Court recommends granting plaintiff's request for attorney fees in

5

connection with work performed by his trial counsel in the amount of $94,826.27.

    **B.    Costs**

Plaintiff submitted a Bill of Costs to the Court Clerk pursuant to 28 U.S.C. § 1920 in the amount of $3,145.92. In his instant motion, he is seeking, pursuant to 42 U.S.C. § 2000e, the $1,076.22 in costs which were disallowed under section 1920 for legal research, mileage, service (presumably of a subpoena) parking, and postage fees. [75, Ex. B]. The Court has the discretion to award costs since plaintiff was the prevailing party in a Title VII action. *See* 42 U.S.C. § 2000e-5(k) (providing that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs"); *see also Vaughn v. Shalala*, 15 F. App'x 105, 109, n.2 (4th Cir. 2001) (stating that "[a]n award of attorney's fees and costs under Title VII is authorized by 42 U.S.C. § 2000e-5(k)").

As noted, plaintiff's remaining costs are attributed to parking fees, postage, legal research and copying expenses. [76, Ex. E(B)]. Defendant merely argues that the Clerk properly denied these costs, and that this Court should, as well. But this argument ignores the fact that plaintiff sought those costs under the limited provisions specified in section 1920 , whereas here he seeks to recover them pursuant to 42 U.S.C. § 2000e, which, as stated above, is subject to the Court's discretion  The Court notes that the largest costs in dispute, which are not that substantial themselves (approximately $700) are those related to plaintiff's initial counsel's legal research fees. Attorney David Blanchard avers in his affidavit that those costs (as well as the others, such as postage, mileage, service fees, and parking) are "billed to the client as part of [his firm's] standard arrangement," and are therefore recoverable under the applicable statute. [76, Ex. D ¶9]. *See Waldo,* 726 F.3d at 827 ("Recoverable out-of-pocket expenses are those 'incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal

6

services,'" (citations omitted)). *See also*, *Mota v. Univ. of Texas Houston Health Science Center*, 261 F.3d 512, 529 (2001) (noting that "attorney fee" allowed under Section 2000e–5(k) includes "'reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services,' such as postage, photocopying, paralegal services, long distance telephone charges, and travel costs.") (citations omitted); *Port Authority Police Asian Jade Soc. of New York & New Jersey Inc. v. Port Authority of New York and New Jersey*, 706 F.Supp.2d 537, 542-43 (S.D.N.Y. 2010) (awarding significant legal research fees in Title VII case under 42 U.S.C. 2000e-5(k)). Accordingly, and because defendant raises no valid objection to the appropriateness or reasonableness of these costs, plaintiff should be entitled to recover the full amount of the remaining costs – $1,076.22.

      **C.**     **Prejudgment and Post-Judgment Interest**

As a preliminary matter, post-judgment interest should be awarded to plaintiff until the judgment is satisfied since defendant does not object to such an award.

With respect to the recovery of prejudgment interest, such relief "should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable." *Taylor*, 2013 U.S. Dist. LEXIS 140364, at *8 (quoting *Stroh Container Corp. v. Delphi Industries, Inc.*, 783 F.2d 743, 752 (8th Cir. 1986)). As defendant highlights nothing exceptional or unusual about this case warranting a departure from the default rule, and in view of Title VII's remedial nature, the Court finds that plaintiff is entitled to prejudgment interest.

Turning to the amount of prejudgment interest to be awarded, the parties agree that the prejudgment interest rate should be governed by the statutory interest rate used to calculate post-judgment interest, though they disagree on the date that should be used to determine that rate. Defendants are correct that the rate in this case is 0.12 percent, as that is the rate applicable to the

week preceding the entry of judgment.  *See* http://www.federalreserve.gov/releases/h15/data.htm (last visited January 20, 2015).  *See also Pucci v. Somers*, 834 F.Supp.2d 690, 705-06 (E.D. Mich., 2011) (using rate applicable to the week before judgment was entered rather than rate applicable to week "prior to filing of the complaint"); 28 U.S.C. 1961(a) (providing that post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.").

      The Court must next determine the appropriate base figure to which this rate is applied.  As a general rule, prejudgment interest is reserved for back pay awards.  *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836, 842 (6th Cir. 1994).  "Indeed, it is ordinarily an abuse of discretion not to include pre-judgment interest in a back pay award."  *EEOC v. Ky. State Police Dep't*, 80 F.3d 1086, 1098 (6th Cir. 1996) (quotation omitted).  Here, defendant correctly contends that prejudgment interest should be exclusively limited to the back pay award.  This is because "[t]he purpose of awarding prejudgment interest under Title VII . . . is to compensate victims both for the time value of the lost money as well as for the effects of inflation."  *United States v. City of Warren*, 138 F.3d 1083, 1096 (6th Cir. 1998); *see also Lensing v. Potter*, No. 03-575, 2013 U.S. Dist. LEXIS 6891, at *12-15 (W.D. Mich. Jan. 17, 2013) (holding that "there is no basis for awarding prejudgment interest" on emotional distress damages).  The Court has not found any caselaw applying prejudgment interest to non-compensatory damages or future wages, nor does plaintiff cite to such authority in his brief.

      Similarly, plaintiff does not contest defendant's logical assertion that he should be precluded from receiving prejudgment interest for the three-month delay in discovery that

resulted from his decision to obtain new counsel. The prejudgment interest award should, therefore, be reduced by excluding the period between June 28, 2012, the parties' initial stipulated discovery completion date, through September 28, 2012, when discovery finally closed. *See Thurman*, 90 F.3d at 1170 (holding that "[w]hile prejudgment interest should be awarded as a part of backpay, it should be excluded for delays specifically attributable to the plaintiff."); *see also Shore v. Federal Express Corp.*, 42 F.3d 373, 380 (6th Cir. 1994).

Applying the .12% rate to the back pay award of $321,490.13 for the period of time from July 17, 2008 (the date of plaintiff's termination[6]) until November 27, 2013 (three months prior to the entry of judgment), computed daily and compounded annually, *Garcia*, at *2, yields a prejudgment interest figure of $2,075.00.

## III. CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that plaintiff's motion for attorney fees, costs, and prejudgment and post-judgment interest [76] be GRANTED IN PART and DENIED IN PART. More specifically, the Court recommends awarding plaintiff the following:

| | |
|---|---|
| Attorney Fees for Initial Counsel: | $13,631.75 |
| Attorney Fees for Trial Counsel: | $94,826.27 |
| Costs not already Taxed: | $1,076.22 |
| Prejudgment Interest: | $2,075.00 |

---

[6] *See Garcia v. Renaissance Global Logistics, LLC*, No. 10-13122, 2012 U.S. Dist. LEXIS 27272, at *6 (E.D. Mich., Mar. 1, 2012) ("'Prejudgment interest ordinarily should apply to each year an employee lost the use of her wages.' *EEOC v. Ky. State Police Dep't*, 80 F.3d 1086, 1099 (6th Cir. 1996) (citing *Kelly v. Am. Standard, Inc.*, 640 F.2d 974, 982 (9th Cir. 1981)). Thus, the beginning date for purposes of the calculation should be the date of Plaintiff's termination [] rather than the date she filed suit. *See Bell v. Prefix, Inc.*, No. 05–74311, 2010 U.S. Dist. LEXIS 51025, at *12, 2010 WL 2089323 (E.D. Mich. May 24, 2010); *see also Finnerty v. Wireless Retail, Inc.*, No. 04–40247, 2009 U.S. Dist. LEXIS 72965, at *8,2009 WL 2568555 (E.D. Mich. Aug. 18, 2009).").

      Post-Judgment Interest:      payable as provided by law until judgment is satisfied

Dated: January 21, 2015      s/David R. Grand
Ann Arbor, Michigan      DAVID R. GRAND
      United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

      s/Eddrey O. Butts
      EDDREY O. BUTTS
      Case Manager

Dated: January 21, 2015