UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI ABOUBAKER,

    Plaintiff,                              Case No. 11-13001

v.                                        HONORABLE DENISE PAGE HOOD

COUNTY OF WASHTENAW,

    Defendants.
_____/

**ORDER ACCEPTING AND ADOPTING IN PART THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND
ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR
ATTORNEY FEES, COSTS AND INTEREST**

This matter is before the Court on Magistrate Judge David R. Grand's Report and Recommendation filed January 21, 2015 **(Doc. No. 96)** on Plaintiff Ali Aboubaker's Motion for Attorney Fees, Costs, Pre-Judgment and Post-Judgment Interest **(Doc. No. 76)**. Defendant County of Washtenaw and Plaintiff timely filed Objections to the Report and Recommendation. **(Doc. Nos. 97 and 98)** Plaintiff filed a response to Defendant's Objections. **(Doc. No. 99)**

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo*

determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id.* In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file Objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

After review of the Magistrate Judge's Report and Recommendation and the Objections filed to the Report and Recommendation, the Court finds that the Magistrate Judge's findings and conclusions are correct, but modified as set forth below. Defendant raises two objections: that Plaintiff only partially prevailed on his claims and is not entitled to a full recovery of attorney fees award and the Magistrate Judge erred by not attempting to identify specific hours that should be eliminated or by not reducing the award to account for limited success.

As to Defendant's first objection that Plaintiff only partially succeeded in his claims, the Court agrees with the Magistrate Judge that all the discrimination claims

alleged were related and centered upon the alleged discriminatory practices of Defendant and its employees. The Court further agrees with the Magistrate Judge that the fact that some of the claims were successful and others were not does not compel the Court to reduce the fees that Plaintiff's counsel is entitled to recover. As noted by the Magistrate Judge, Plaintiff's counsel obtained a significant money judgment on the claims presented at trial, which is the ultimate indication of success.

Regarding Defendant's second objection that the Magistrate Judge failed to identify and eliminate specific hours from Plaintiff's attorney fee request, the Court agrees with the Magistrate Judge that the Court is not required to set forth an hour-by-hour analysis of the fee request. However, the Magistrate Judge thoroughly reviewed and reduced Plaintiff's initial counsel's fees and the Court agrees with the reduction. Plaintiff's initial counsel will be awarded $13,631.75 in adjusted attorney fees ($15,533 - $1,031.25 - $570 - $300). Defendant did not object to the amount requested by Plaintiff's trial counsel fees in the amount of $94,826.27, other than arguing that the amount should be reduced because Plaintiff did not prevail on all his claims, which the Court addressed above. Plaintiff's trial counsel is entitled to his requested fees in the amount of $94,826.27.

Plaintiff only objects to the Magistrate Judge's recommendation not to award trial counsel's fees for preparing the underlying fee motion. The Magistrate Judge

noted in a footnote that Plaintiff's trial counsel failed to provide the appropriate time records for the requested fee. However, Plaintiff's trial counsel submitted the time records relating to the preparation of the underlying fee motion in the amount of $2,580, to which there are no objections and which the Court finds reasonable. Plaintiff's trial counsel is awarded an additional $2,580 in attorney fees, for a total fee of $97,406.27.

For the reasons set forth above,

IT IS ORDERED that the Report and Recommendation (**Doc. No. 96**) is ACCEPTED and ADOPTED IN PART as this Court's findings of fact and conclusions of law, except for the findings noted above.

IT IS FURTHER ORDERED that Defendant's Objection (**Doc. No. 97**) is OVERRULED and Plaintiff's Objection (**Doc. No. 98**) is SUSTAINED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney Fees, Costs and Interest (**Doc. No. 76**) is GRANTED IN PART and DENIED IN PART as more fully set forth above.

IT IS FURTHER ORDERED that Plaintiff is entitled an award as follows:

| | |
|---|---|
| Attorney Fees for Initial Counsel: | $ 13,631.75 |
| Attorney Fees for Trial Counsel: | $ 97,406.27 |
| Additional Costs not Taxed: (beyond clerk's taxation) | $ 1,076.22 |
| Prejudgment Interest: | $ 2,075.00 |

Post-Judgment Interest (To be determined when Judgment is satisfied)

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: March 18, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 18, 2015, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager